

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE  DIVISION**

| | | |
|---|---|---|
| **TENNESSEE ALUMINUM PROCESSORS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV 06-PT-1775-M** |
| | ) | |
| **ALLIED MINERAL PRODUCTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard on Plaintiff's Opposed Motion to Remand filed on

September 29, 2006.  The motion is opposed by defendant Allied Mineral Products, Inc.

FACTS

The following facts are undisputed:

(1) This action was commenced in the Circuit Court of Etowah County, Alabama on May

25, 2005.

(2) Melt Tech, Inc., was originally a party defendant in this action whose presence in the

case prevented removal on the basis of diversity of citizenship.[1]

(3) Melt Tech, Inc. filed a Chapter 11 petition for bankruptcy on August 8, 2005.

(4) On or about November 30, 2005 (perhaps on December 1, 2005) Melt Tech, Inc. filed

---

[1]*See Carter v. Frito-Lay, Inc.*, 144 Fed. Appx. 815, 817 (11th Cir. 2005)

1

a "Notice of Bankruptcy" in the Circuit Court of Etowah County, Alabama.

(5) On February 24, 2006, *on suggestion of the defendant Allied Mineral Products, Inc.* (Allied), the Circuit Court of Etowah County, Alabama placed this action on its "Administrative Docket pending the bankruptcy outcome."[2]

(6) On or about May 4, 2006 Plaintiff and Melt Tech, Inc. filed a "Joint Motion to Approve Compromise and Settlement" in the bankruptcy court, seeking an order approving a settlement of plaintiff's claims against Melt Tech, Inc. in the aforementioned state court action. The bankruptcy court approved that settlement on June 7, 2006. Allied did not file a notice of removal in this court within 30 days after that approval.[3]

(7) On August 24, 2006, the plaintiff moved the state court to remove the case from its Administrative Docket. Plaintiff filed an amended complaint on August 24, 2006 naming only Allied as a defendant. This court has not been provided information as to when, if ever, the state court dismissed Melt Tech, Inc. as a party or ordered the case removed from its Administrative Docket.

(8) On September 7, 2006, Allied removed this action to this court.

PERTINENT LAW

28 U.S.C. § 1446(b) provides *inter alia,*

_____

[2]In a "Joint Motion to Approve Compromise and Settlement" filed in the bankruptcy court on or about May 4, 2006, it is alleged that plaintiff filed a motion requesting relief from the 11 U.S.C. Section 362(a) automatic stay on January 3, 2006. This court is not aware of any ruling on that motion. The court notes that Allied refers to the state court's placement of this action on its Administrative Docket as, "the state court stayed the case." Allied has argued that the state court "determined" that the bankruptcy court stay applied to Allied. The state court, at Allied's suggestion, placed the case on its Administrative Docket. The state court did not make such a determination in its order.

[3]Allied has stated at page 6 of its Memorandum, "The effect of the bankruptcy court's order was that Tennessee Aluminum could dismiss Melt Tech, Inc. as a defendant in the state court action, thereby removing the stay of that case." It is not clear when Allied received notice of the bankruptcy court's said order.

If the case stated by the initial pleading is not removable, a *notice of removal* may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.  (Emphasis added).

This language could not be clearer.  Soon after the 1988 passage of this provision, this court decided, *en banc, Greer v. Skilcraft et al*., 704 F. Supp. 1570 (N.D. Ala. 1989).  This court stated:

The one-year bar added to the end of the second paragraph of § 1446(b) is not, however, by its terms merely a limitation on removal of cases that become removable by receipt of a jurisdiction-creating document in the case.  It provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action;" and it applies whenever the second paragraph of § 1446(b) is triggered; *i. e.*, "if the case stated by the initial pleading is not removable."  In short, the second paragraph of amended § 1446(b) provides that for cases not removable on the basis of the initial complaint there are two separate and independent time limits: (1) the Notice of Removal must be filed within 30 days from the receipt of a jurisdiction-creating document in the case; and (2), if removal is based on diversity of citizenship, the Notice of Removal must also be filed within one year from the commencement of the action.

This construction comports with the plain language of the subsection as amended, uses the time limits that Congress considered to be reasonable, and is not inconsistent with the sparse legislative history.  The Congressional Analysis did state that Section 1016(b)(2) "addresses problems that arise from a change of parties as an action progresses towards trial in state court."  This Analysis does not, however, indicate that application of the one-year rule was intended to apply solely in such situations, any more than it indicates that removal based on Section 1016(a) should be postponed until receipt of a document changing the parties in the case.

*Id*. at 1582.

3

This court added:

> We realize that some may view our holding as harsh, creating an
> unfair situation for defendants who were bound by or entitled to rely
> upon *Hamby v. Zayre Corp.*, 544 F. Supp. 176 (N.D. Ala. 1982).
> However, Congress, which had the power to preclude removal of all
> cases, certainly could have precluded removal of cases commenced
> more than one year prior to November 19, 1988. The clear language
> of the statute compels that result. Courts are not free to disregard that
> mandate merely because the drafters of the legislation failed to
> consider all of the consequences of such a directive.

*Id*. at 1583.

Other pertinent discussion in *Greer* includes the following:

> Initially Congress was considering total elimination of diversity
> jurisdiction. This approach apparently proved too controversial and
> was dropped from later versions of the legislation.

*Id*. at 1576, note 5.

. . . . .

> We expressly do not decide whether the one-year limitation contained
> in Section 1016(b)(2)(B) is a jurisdiction bar or a procedural bar; but
> we do conclude that, if a procedural bar, Congress intended it to be
> strictly enforced.

*Id*. at 1577, note 7.[4]

. . . . .

> Some defendants contend that Section 1016(b)(2)(B) should not be
> applied to pending cases, or at least not to those that had been
> pending for more than one year when the Section became effective.
> They argue that such an application would be prejudicial and indeed
> manifestly unjust because they would be forever barred from
> removing the case on the basis of diversity jurisdiction whereas,
> under prior law, they had the potential opportunity--if not the

---

[4]*See Caterpillar, Inc. V. Lewis*, 519 U.S. 61 (1996) and *Wilson v. General Motors Corp.*, 888 F.2d 779
(11th Cir. 1989). Also *see In re Uniroyal Goodrich Tire Co.*, 104 F. 3d 322, ( 11th Cir. 1997).

4

accrued--right--to remove the case to federal court.

*Id*. at 1578.

. . . . .

Defendants' contention that their rights would be prejudiced by application of Section 1016(b)(2)(B) because of their "reliance" on *Hamby* is, for most of the cases, a specious argument.  To be sure, Section 1016 proscribes removal rules different from those stated in *Hamby*.  This is simply because Section 1016 represents-as Congress clearly intended-a change of existing law.  In more of the cases before the court-such as *Greer v. Skilcraft*, CV 88-P-2152-S, and *Barnett v. MTD Products, Inc.*, CV 88-P-2192-S-the defendants have failed to exercise any rights of removal based upon some reliance on *Hamby*.  To the contrary, under *Hamby* prior to November 19, 1988, they did not have the right to remove their case, but only the possibility of such an opportunity depending on later developments in the case.  Application of the new one-year bar to removal will not, in the words of the Supreme Court in *Bradley v. Richmond School Board*, 416 U.S. 696, 720, 94 S.Ct. 2006, 2020, 40 L.Ed.2d 476 (1974), deprive them of any "right that had matured or become unconditional."

*Id*. at 1579.[5]

CONCLUSIONS

Allied argues that the one year bar of § 1446(b) should be tolled because of a stay resulting from the bankruptcy proceeding.  Plaintiff argues that the automatic stay did not apply to Allied because the bankruptcy proceeding was pursuant to Chapter 11.[6]

In any event, this court is of the opinion that the bankruptcy proceeding did not toll the one year bar any more than would any dilatory action by a state court or by the parties in state court.  Perhaps there should not be any bar time if a non-diverse defendant is ever voluntarily

---

[5]Allied cites this court's case of *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358 (N.D. Ala. 1997).  That case involved an amendment adding a purported new class of plaintiffs making claims against only the diverse defendant.  The removal was well within one year of the amendment.

[6]Allied has stated that plaintiff's  "argument, while generally correct, is irrelevant."

5

dismissed.  Perhaps, if there is to be a bar, it should be longer than one year.  Those decisions are up to Congress,  not this court.

This court is at a loss to determine what removal action by Allied was stayed during the one year period after the commencement of the action.  There was no action during said one year which would have triggered a removal.  This court cannot speculate that if there had been no bankruptcy proceeding, plaintiff and Melt Tech, Inc. would have settled earlier and the case would have been removable earlier.

If this court were a creator of law, there might be a different result.  This judge has frequently expressed  his concern  that removals can be avoided based on initial claims of less than $75,000.00 by plaintiffs, but followed by later increased claims.  The spirit of diversity jurisdiction law can be manipulated.[7]  Here, however, there is no suggestion that the plaintiff led Melt Tech, Inc. to petition for bankruptcy.  Delayed settlements might be made in any case. However, Congress did not make such delayed settlements an exception to the 1446(b) removal exception.

The plaintiff's Motion to Remand will be granted.

This the 2nd  day of November, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[7]*See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097, n. 12 (11th Cir. 1994).  Also see footnote 4 on page 1095 of *Burns*.

6